**Gerdie WHITE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 48756.**

Court of Criminal Appeals of Texas.

July 17, 1974.

Weldon Holcomb, Tyler, for appellant.

Curtis L. Owen, Dist. Atty. and Frank McClendon, III, Asst. Dist. Atty., Tyler, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

In the first trial of this charge the appellant was convicted for the misdemeanor offense of driving a motor vehicle on a public highway while intoxicated. That judgment was reversed. White v. State, 492 S.W.2d 281 (Tex.Cr.App.1973). On retrial the appellant was again found guilty by a jury that assessed his penalty at confinement in the county jail for three days and a fine of fifty dollars. The jury recommended that probation be granted, and

the rendering of judgment and pronouncement of sentence were deferred and the appellant was placed on probation for six months. This appeal is from only that part of the Court's order assessing a supervisory fee of five dollars a month during the period of probation.

The appellant argues that there is no statutory authority to assess supervisory fees in misdemeanor probation cases. The provisions of Article 42.12, The Adult Probation and Parole Law, for the most part are applicable to felonies. However, Section 12 of that Article makes certain of its provisions applicable to Article 42.13, Vernon's Ann.C.C.P., The Misdemeanor Probation Law.

Section 12 of Article 42.12, V.A.C.C.P. provides:

"The provisions of Sections 6a, 10 and 11 of this Article also apply to Article 42.13."

Section 6a(a) of Article 42.12, V.A.C.C.P. provides:

"A court granting probation may fix a fee not exceeding $10 per month to be paid to the court by the probationer during the probation period. The court may make payment of the fee a condition of granting or continuing the probation."

 The appellant says that the Legislature without making provisions for supervisory fees amended Article 42.13, V.A.C.C.P. after Article 42.12, V.A.C.C.P. was amended by adding Sections 6a(a) and 12. He then asserts that this shows the Legislature did not intend for supervisory fees to be collected in misdemeanor cases and that well-known rules of construction require a finding that there is no provision for collecting supervisory fees in misdemeanor cases. The appellant's contention must be rejected because the amendments to both Articles 42.12 and 42.13 were made at the same time in the same legislative act. See Acts, 1967, 60th Leg., ch. 659, pp. 1744–1746. This would evidence a legislative intent that the provisions be construed together. See Millman v. State, 487 S.W. 2d 750 (Tex.Cr.App.1972) and 53 Tex.Jur. 2d, Statutes, Section 188. We hold that Sections 6a(a) and 12 of Article 42.12, V. A.C.C.P. provide that the Court may assess supervisory fees in misdemeanor probation cases.

Also, the appellant urges that since probation was granted by the jury in this case the Court was not authorized to assess supervisory fees. In Gleffe v. State, 501 S.W.2d 672 (Tex.Cr.App.1973), Section 6a of Article 42.12, V.A.C.C.P. was interpreted to authorize the assessment of supervisory fees in a felony case when probation was granted either by the jury or the Court. Interpreting Sections 6a and 12 of Article 42.12, V.A.C.C.P., we hold that they authorize the assessment of supervisory fees in a misdemeanor case when probation is granted either by a jury or by the Court.

Affirmed.

Opinion approved by the Court.