**TEXAS DEPARTMENT OF PUBLIC SAFETY and The State of Texas, Appellants,**

v.

**Linda S. FAILLA, Appellee.**

No. 8939.

Court of Civil Appeals of Texas, Texarkana.

June 2, 1981.

Mark White, Atty. Gen., Dawn Bruner, Asst. Atty. Gen., Austin, Henry M. Wade, Dist. Atty., Gregory S. Long, Asst. Dist. Atty., Dallas, for appellants.

Jack Rushing, Dallas, for appellee.

BLEIL, Justice.

This is an appeal from the order granting a request for expunction of arrest records.

Linda S. Failla was arrested by the Dallas Police Department on October 27, 1975. An information charging the offense of misdemeanor theft was filed against her on that date. On May 17, 1976, she entered a plea of guilty to the offense and received a sentence of sixty days confinement in the Dallas County Jail and was assessed a fine of $200.00. Thereafter she was placed on probation for a period of twelve months from the date of conviction.

During the period of probation she was ordered in writing to,

(1) Commit no offense against the laws of any state or the United States;

(2) Avoid injurious or vicious habits;

(3) Avoid persons or places of disreputable or harmful character;

(4) Work faithfully at suitable employment;

(5) Remain within Dallas County, Texas, and notify the Court of any change of address;

(6) Pay the fine imposed within a specified period;

(7) Support her dependents;

(8) Submit a copy of fingerprints to the sheriff;

(9) Report to the probation officer as directed; and,

(10) Permit the probation officer to visit her at her home or elsewhere.

Notwithstanding these last two written provisions of the order granting probation, no probation officer was appointed and she was not required to make any report.

Linda Failla successfully completed probation and was discharged on May 17, 1977. She had not been convicted of a felony within the five year period preceding October 27, 1975, and no indictment, information or other charges are pending arising out of the transaction for which she was arrested.

A petition was filed with the 204th Judicial District Court of Dallas County, Texas, asking the court to expunge any and all records arising out of her arrest on October 27, 1975. A hearing was held on the petition and The Texas Department of Public Safety appeared in opposition to Linda Failla's request for expunction. The trial court found that there was no court ordered supervision of Linda Failla and that she met all other requirements for entitlement to expunction and granted her petition for expunction. The Texas Department of Public Safety and The State of Texas have appealed.

The issue on appeal is whether the order granting probation of May 17, 1976, created what constitutes court ordered supervision so that she is precluded from entitlement to expunction under Article 55.01, Tex.Code Crim.Proc.Ann. (Supp.1980–1981). We con-

clude that there was court ordered supervision under Article 42.13, Tex.Code Crim. Proc.Ann. (Supp.1980–1981), and reverse the trial court's expunction order.

Article 55.01 gives persons who have been arrested for commission of either a felony or a misdemeanor the right to have the records and files relating to that arrest expunged if certain conditions are met. Basically these conditions are that he not be charged with a felony or if, having been charged the court dismisses the charges because they resulted from a mistake, false information or other similar reasons indicating absence of probable cause at the time of dismissal to believe the person committed the offense; the person has been released and the charge has not resulted in a final conviction, and there was no court ordered supervision under Article 42.13; and the person has not been convicted of a felony in the five years preceding the date of the arrest. Linda Failla was never charged with a felony, had not been convicted of a felony in the five years preceding the date of her arrest and upon her discharge from probation her misdemeanor conviction was set aside. If as found by the trial court there was no court ordered supervision under Article 42.13, then the expunction order was proper. The trial court determined that there was no court ordered supervision because she was not required to report to the court, or to any probation officer of the court. However, when she was ordered to comply with the conditions detailed in the order granting probation, she was obviously placed on court ordered supervision.

The plain purpose of the Right to Expunction section in our Code of Criminal Procedure is to allow those persons who were wrongfully arrested to expunge those arrest records. This section was never intended to allow a person who is arrested, pleads guilty to an offense, and receives probation pursuant to a guilty plea to expunge arrest and court records concerning that offense.

Under Article 42.13 the court is given wide discretion in the determination of the terms of probation. *White v. State*, 511 S.W.2d 528 (Tex.Cr.App.1974). By the very terms of the article if the probationer violates any term of the probation the court may revoke probation and order the punishment originally assessed carried out. The trial court determined guilt, placed Linda Failla on probation and imposed numerous conditions on her conduct. In the event any one of the conditions or terms of probation had been violated, the court plainly had the right to revoke her probation. We conclude that Linda Failla was subject to court ordered supervision under Article 42.13 and for this reason is not entitled to have the records and files relating to her arrest expunged.

The judgment of the trial court is reversed and judgment here rendered that the petition for expunction be denied.