TEXAS COMMISSION ON LAW EN-
FORCEMENT OFFICER STANDARDS
AND EDUCATION, Appellant,

v.

Charles Terry WATLINGTON, Appellee.

No. 12–82–0131–CV.

Court of Appeals of Texas,
Tyler.

Aug. 18, 1983.

Rehearing Denied Sept. 13, 1983.

Jim Mattox, Atty. Gen., Gerald C. Carruth, David A. Harris, Asst. Attys. Gen., Austin, for appellant.

M. Mark Lesher, Texarkana, for appellee.

SUMMERS, Chief Justice.

This is an appeal from an order of the trial court granting appellee's petition for expunction of criminal records pursuant to Article 55.01.[1]

Appellee Watlington, petitioner in the court below, testified that in February 1958 he was arrested and indicted for the offense of burglary in Bowie County, Texas. He further testified that he entered no plea to the indictment, that it was dismissed in September 1958, and that he was never placed on probation. He also testified this was the only time that he had ever been arrested, and that he had no felony convictions prior to February 1958. The only

---

1. This and all other statutory references are to Texas Code of Criminal Procedure.

other witness in the court below was Herbert Line, a retired district judge who was district attorney for Bowie County, Texas, in 1958. Judge Line testified that he recalled petitioner being arrested sometime in February 1958, but stated he was not convinced at that time, and still not convinced, that the indictment should have been returned. His testimony further revealed that no trial transpired relative to the cause and that any records of the plea or the fact that Watlington was placed on probation were in error. He also testified that the circumstances were such that the petitioner should not have been indicted and that "the charges were dismissed and the boy did go into the Marines."

The record, however, reflects that on March 17, 1958, in Cause No. 10,213 in the Fifth Judicial District Court of Bowie County, Texas, Watlington waived in writing his right to a jury trial and pleaded guilty to the offense of burglary; that after being admonished as to the consequences of his plea, Watlington persisted in pleading guilty, that the court adjudged him to be guilty of burglary as alleged in the indictment and sentenced him to confinement in the state penitentiary for two years. No appeal was taken from the judgment of conviction. Such sentence was probated; later in September 1958 he was granted an early discharge from probation and the cause was dismissed.

On July 30, 1976, the District Court of Bowie County entered a judgment nunc pro tunc reciting that a mistake existed in the record of the 1958 judgment of conviction and ordering that the same be set aside and permanently expunged from the records of this court. Thereafter, on January 27, 1981, Watlington filed his original petition for expunction of criminal records requesting relief in accordance with Article 55.01 et seq. After hearing such petition, the court on August 21, 1981, entered its judgment granting the requested relief. The court filed findings of fact and conclusions of law in support of the order granting an expunction. Appellant's request for additional and amended findings of fact and conclusions of law was denied by the trial court. The

Texas Commission on Law Enforcement Officer Standards and Education as appellant herein brings this appeal.

We reverse and render.

Appellant brings one point of error, complaining that the trial court erred in granting the petition for expunction contrary to the provisions of Article 55.01. The article provides:

Right to expunction. A person who has been arrested for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if each of the following conditions exist:

(1) an indictment or information charging him with commission of a felony has not been presented against him for an offense arising out of the transaction for which he was arrested or, if an indictment or information charging him with commission of a felony was presented, it has been dismissed and the court finds that it was dismissed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void;

(2) he has been released and the charge, if any, has not resulted in a final conviction and, is no longer pending and there was no court ordered supervision under Article 42.13, Code of Criminal Procedure, 1965, as amended, nor a conditional discharge under Section 4.12 of the Texas Controlled Substances Act (Article 4476–15, Vernon's Texas Civil Statutes); and

(3) he has not been convicted of a felony in the five years preceding the date of the arrest.

The record clearly reflects that Watlington, after waiving a jury trial and entering a plea of guilty, was convicted of the offense of burglary on March 17, 1958, in Cause No. 10,213 in the Fifth Judicial District Court of Bowie County, Texas, and his punishment was assessed by the court at

confinement in the penitentiary for two years; that his sentence was probated under specific terms and conditions imposed by the court. No appeal from the judgment of conviction was taken. On September 23, 1958, Watlington was granted an early discharge from probation and said cause was dismissed. The subsequent judgment nunc pro tunc entered on July 30, 1976, was void and ineffective to expunge the records of the conviction and probated sentence in Cause No. 10,213. Judicial errors, if any, in the rendition of a judgment may not be corrected by a nunc pro tunc proceeding. *Coleman v. Zapp,* 105 Tex. 491, 151 S.W. 1040 (Tex.1912); *Davis v. Davis,* 647 S.W.2d 781 (Tex.App.—Austin 1983, no writ). Furthermore, the expunction of criminal records is a statutory remedy which was not available prior to the effective date of Article 55.01 on August 29, 1977.

Appellee's petition for expunction of criminal records pursuant to Article 55.01, the court's order granting such relief, and the findings of fact and conclusions of law filed by the court (over appellant's objections) all ignore Watlington's guilty plea, felony conviction, probated sentence, failure to appeal and subsequent discharge from probation. Expunction is available only when all of the statutory conditions have been met. The remedy provided by the code was never intended to allow a person who is arrested, pleads guilty to an offense, and receives probation pursuant to a guilty plea to expunge the arrest and court records concerning the offense. See *Texas Department of Public Safety v. Failla,* 619 S.W.2d 215, 217 (Tex.Civ.App.—Texarkana 1981, no writ). The findings of fact and conclusions of law are not supported by the evidence herein. Appellant's point of error is sustained.

The judgment of the trial court is reversed and judgment here rendered that the petition for expunction be denied.