**Frank R. MEYERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 05–83–00868–CV.

Court of Appeals of Texas,
Dallas.

Aug. 10, 1984.

Richard A. Sinzinger, Dallas, for appellant.

Henry Wade, Dist. Atty., Tom Streeter, Asst. Dist. Atty., Dallas, for appellee.

Before STOREY, STEWART and SHUMPERT, JJ.

STEWART, Justice.

Frank Richard Meyers appeals a take-nothing judgment rendered against him in a nonjury trial on his petition for expunction of records. We affirm the judgment.

Meyers was arrested on September 22, 1981, for driving while intoxicated. He pleaded guilty to the charge, received deferred adjudication of guilt, and was placed on probation for twenty-four (24) months. Although he was not obligated to report to a probation officer, Meyers was required to meet certain special conditions of probation. When he had satisfied these conditions, Meyers filed a petition for expunction of records under TEX.CODE CRIM.PROC. ANN. art. 55.01 (Vernon Supp.1984). That article provides in pertinent part:

> A person who has been arrested for the commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if each of the following conditions exist:
>
> \*   \*   \*   \*   \*   \*
>
> (2) he has been released and the charge, if any, has not resulted in a final conviction and, is no longer pending and *there was no court ordered supervision under Article 42.13, Code of Criminal Procedure, 1965, as amended;* ...
>
> (3) he has not been convicted of a felony in the five years preceding the date of the arrest. (emphasis added).

It is undisputed that Meyers has met the requirements of article 55.01 if the terms of his probation do not constitute "court ordered supervision." Thus, the sole issue before us is whether deferred adjudication probation without the requirement of supervision by a probation officer constitutes "court ordered supervision" under article 42.13. TEX.CODE CRIM.PROC.ANN. art. 42.13 § 3d(a) (Vernon Supp.1984) provides:

> ... when in its opinion the best interest of society and the defendant will be served, the court may, *after receiving a plea of guilty or a plea of nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt,* defer further proceedings without entering an adjudication of guilt and place the defendant on probation for a period as the court may prescribe, not to exceed the maximum period of imprisonment prescribed for the offense for which the defendant is charged. The court may impose a fine applicable to the offense and require any reasonable terms and conditions of probation, including any of the conditions enumerated in

Sections 6, 6a, and 6c of this Article. (emphasis added)

The purpose of article 55.01 is "to allow those persons who were wrongfully arrested to expunge those arrest records." *Texas Department of Public Safety v. Failla,* 619 S.W.2d 215, 217 (Tex.Civ.App.—Texarkana 1981, no writ). Article 55.01 was "never intended to allow a person who is arrested, pleads guilty to an offense, and receives probation pursuant to a guilty plea to expunge arrest and court records concerning that offense." *Id.* Expunction is available only when all of the statutory conditions have been met. *Texas Comm'n on Law Enforcement Officer Standards and Education v. Watlington,* 656 S.W.2d 666, 668 (Tex.App.—Tyler 1983, writ ref'd n.r.e.).

Meyers asserts that the *Failla* holding only applies to those cases in which the petitioner for expunction has pleaded guilty, been convicted, received sentence, and was only then granted probation. We disagree. The issue is not whether a petitioner for expunction was convicted but whether he was subjected to court ordered supervision under Art. 42.13. We conclude that the reasoning of the *Failla* court is equally applicable where probation follows a deferred adjudication. Here, the record shows that Meyers pleaded guilty to the offense, paid a fine, and was subjected to conditions of probation for two years. Although no conviction was entered, the court found that the evidence substantiated guilt as required by section 3d(a). We hold that deferred adjudication probation under these facts qualifies as "court ordered supervision" under article 42.13.

Meyers asserts that, even though his probation qualifies under article 42.13, it was not "court ordered supervision" because he was not actually supervised by a probation officer. This question is controlled by *Failla,* 619 S.W.2d 215, which stands for the proposition that court ordered supervision arises when a defendant is "ordered to comply with the conditions detailed in the order granting probation...." *Id.* at 217. In order to constitute court ordered super-

vision, a defendant need only be ordered to comply with conditions; it is not necessary to require that he report to a probation officer. Accordingly, we hold that Meyers is not entitled to expunction under article 55.01.

Affirmed.