TEXAS DEPARTMENT OF PUBLIC SAFETY and Travis County Attorney, Appellants,

v.

P.E., Appellee.

No. 3–90–010–CV.

Court of Appeals of Texas, Austin.

Aug. 8, 1990.

Jim Mattox, Atty. Gen., Bridget Robinson, Asst. Atty. Gen., Austin, for Texas Dept. of Public Safety.

Ken Oden, County Atty., Alia Moses, Asst. County Atty., Austin, for Travis County Atty.'s Office.

Betty Blackwell, Austin, for appellee.

Before CARROLL and JONES, JJ., and SMITH *, J. (Retired).

SMITH, Justice (Retired).

Having been charged with the offense of indecent exposure, P.E., on March 31, 1989, elected to proceed under the deferred adjudication provisions of the Code of Criminal Procedure:

[W]hen in its opinion the best interest of society and the defendant will be served, the court may, after receiving a plea of guilty or plea of nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt, and place the defendant on probation.... The court may impose a fine applicable to the offense and require any reasonable terms and conditions of probation.

Tex.Code Cr.P.Ann. art. 42.12 § 5(a) (Supp. 1990) (formerly § 3d(a)).

P.E. waived a jury, arraignment, formal reading of the information, and pleaded nolo contendere to the charge. After taking the plea, the court found that it substantiated P.E.'s guilt, deferred proceedings without an adjudication of guilt, and placed him on probation for a term of 160 days on the following terms and conditions:

(1) Commit no offense against the laws of this or any other state or the United States.

(2) Avoid injurious or vicious habits (including the use of narcotic or habit forming drugs and alcoholic beverages). Drink no alcoholic beverages.

(3) Avoid persons or places of disreputable or harmful character.

(4) [Crossed out on original—Otherwise defendant would be ordered to report to the probation officer as directed.]

(5) Permit the probation officer to visit you at your home or elsewhere.

(6) Work faithfully at suitable employment, as far as possible.

(7) Remain within Travis County, Texas and not move therefrom without leave of the Court, and notify the Court of any change of address.

(8) Support your dependents.

(9) [Crossed out on original—No probation fee ordered.]

(10) [No provision for payment of a bond fee.]

(11) Pay a fine of $100.00 by March 31, 1989.

(12) [Not filled in—apparently not applicable—relates to reimbursement of County for compensation paid to appointed counsel.]

(13) [No restitution ordered.]

(14) (15) and (16) [Not ordered.]

(17) Court costs payable 3/31/89.

(18) Drink no alcoholic beverages during probation.

The order was signed by the judge of County Court at Law No. 5; P.E. acknowledged receipt of the instrument in writing below the judge's signature; and the order was signed by the probation officer.

On October 4, 1989, P.E. filed his "Petition to Expunge Records" in the district court. In it, he alleged that he was entitled to have all records concerning the charge expunged pursuant to Tex.Code Cr.P.Ann. art. 55.01 (Supp.1990) in that:

1. No indictment or information charging him with a felony has ever been presented against him.

2. He was released from the charge and the charge has not resulted in a final conviction. He was placed on six months unsupervised deferred adjudication, which he successfully completed and which is no longer pending. There was no court ordered supervision under Article 42.13 of the Code of Criminal Procedure, 1965, as amended.

---

* Before Earl W. Smith, Justice (retired), Third Court of Appeals, sitting by assignment. *See*

Tex.Gov't Code Ann. § 74.003 (1988).

3. He had not been convicted of a felony in the five years preceding his arrest.

The State, by the County Attorney, filed an answer stating that P.E. was placed on court-ordered *supervised* probation, and therefore P.E. was not entitled to expunction under article 55.01. The Department of Public Safety filed a general denial. A hearing was held, during which the "Deferral of Adjudication of Guilt and Probation" order was admitted in evidence.

P.E. testified. He admitted his plea of nolo contendere on March 31, 1989, to the charge of indecent exposure; he said that when he said he received *unsupervised* deferred adjudication, he simply meant that he was not required to *report* to a probation officer; and said that he was required to pay a fine and court costs. He identified his signature on the order. He further admitted that he had to meet and follow the conditions in the probation order, except that he was not required to report to the probation officer or pay a monthly fee.

The argument in the district court was confined to whether P.E. was under court-ordered *supervision*. The relevant portions of the expunction statute read, until September 1, 1989:

A person who has been arrested for the commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if each of the following conditions exist:

. . . . .

(2) he has been released and the charge, if any, has not resulted in a final conviction and, is no longer pending and *there was no court ordered supervision under Article 42.13, Code of Criminal Procedure, 1965, as amended;* . . .

(3) he has not been convicted of a felony in the five years preceding the date of the arrest.

1979 Tex.Gen.Laws, ch. 604, § 1, at 1333.

Article 55.01(2) was amended, *effective September 1, 1989* to read:

(2) he has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and

there was *no court ordered probation* under Article 42.12, Code of Criminal Procedure . . .;

1989 Tex.Gen.Laws, ch. 803, § 1, at 3667.

The trial court granted P.E.'s petition for expunction, finding that his arrest occurred prior to September 1, 1989 and that under section 5 of the 1989 amendatory act, the expunction was covered by the law in effect at the time of the arrest. 1989 Tex. Gen.Laws, ch. 803, § 5, at 3668.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The district court filed findings of fact and conclusions of law which stated: that P.E. was placed on six months unsupervised deferred adjudication, which was successfully completed and no longer pending; that the case was dismissed pursuant to article 42.12, § 3d(c) of the Code of Criminal Procedure; that there was no court ordered supervision under the version of art. 42.13 that was repealed by the legislature effective September 1, 1987; that art. 42.12 is the Adult Probation Code; and that pursuant to art. 42.12 the defendant was placed on six months unsupervised deferred adjudication.

The district judge further concluded as a matter of law that pursuant to the version of chapter 55 of the Code of Criminal Procedure that was in effect prior to September 1, 1989, P.E. was entitled to have his records expunged:

It is clear that the Legislature, by changing the wording of the statute, intends that the new law now not provide for expungement in cases of unsupervised deferred adjudication. However, the law covering this case explicitly allowed for expungement if there was no "court ordered supervision." To hold otherwise, would mean that anyone who ever received deferred adjudication would never be entitled to expunction. That interpretation would rob, of any meaning, the provision that expunction is to be granted when there is no court ordered supervision. It is not disputed that in fact the Petitioner was never supervised by the court or a probation officer.

## HISTORY OF ARTICLE 42.13

The legislative history of article 42.13 is rather tangled. In 1979, the legislature repealed art. 42.13 (Code of Cr.P. 1965) and enacted a new art. 42.13:

Sec. 2 This article may be cited as the 'Misdemeanor Adult Probation and Supervision Law.'

. . . . .

Sec. 3d(a): When in its opinion the best interest of society and the defendant will be served, the court may, after receiving a plea of guilty or nolo contendere, hearing the evidence, and finding that it substantiates guilt, defer further proceedings without entering an adjudication of guilt and place the defendant on probation on reasonable terms and conditions....

1979 Tex.Gen.Laws, ch. 654, § 1, at 1514. Section 6 of the 1979 Act listed possible terms of probation. Article 42.13 was amended, repealed, and had various portions incorporated into article 42.12. However, for our purpose, the significant fact is that article 42.13 was repealed in 1987. 1987 Tex.Gen.Laws, ch. 939, § 24, at 6313.

Thus, prior to P.E.'s arrest and the court's "Deferral of Adjudication of Guilt and Probation Order," the provision of article 42.13 providing for deferred adjudication and probation was no longer in existence, having been incorporated in the Adult Probation Law, Tex.Code Cr.P.Ann. art. 42.12, covering both felonies and misdemeanors. It is clear that appellee's deferral of adjudication of guilt and probation order was pursuant to article 42.12, as he elected.

P.E. contends that, by specifically writing "unsupervised" at the top of the "Deferral of Adjudication of Guilt" form, the court was stating that there were no conditions for him to fulfill during probation. However, nothing in the record shows when, or by whom, the notation was made. In addition, P.E. admitted during his testimony that he was subject to other conditions of probation, such as working at suitable employment. He relies as well on his not having to report to a probation officer and not having to pay a monthly fee as meaning his probation was unsupervised.

It is clear to us that the question in the expunction trial was whether P.E. was under court-ordered supervision and that the court's judgment, as supported by his findings of fact and conclusions of law, is based on his finding that P.E. was not.

In this finding and holding, the trial court erred. We have previously set out the conditions of probation. That P.E. was not required to report to a probation officer or pay a monthly probation fee does not determine whether he was under court-ordered supervision:

Meyers asserts that, even though his probation qualifies under article 42.13, it was not "court ordered supervision" because he was not actually supervised by a probation officer. This question is controlled by *Failla*, 619 S.W.2d 215, which stands for the proposition that court ordered supervision arises when a defendant is "ordered to comply with the conditions detailed in the order granting probation...." *Id.* at 217. In order to constitute court ordered supervision, a defendant need only be ordered to comply with conditions; it is not necessary to require that he report to a probation officer. Accordingly, we hold that Meyers is not entitled to expunction under article 55.01.

*Meyers v. State*, 675 S.W.2d 798, 799 (Tex. App.1984, no writ), citing with approval, *Texas Dept. of Public Safety v. Failla*, 619 S.W.2d 215, 216–17 (Tex.App.1981, no writ). *Failla* has also been cited with approval in *State v. Gamble*, 692 S.W.2d 200, 202 (Tex. App.1985, no writ) and *Texas Commission on Law Enforcement v. Watlington*, 656 S.W.2d 666 (Tex.App.1983, writ ref'd n.r.e.).

Appellee relies heavily on *State v. R.B.*, 699 S.W.2d 296 (Tex.App.1985, no writ), in which the court reaffirmed *Meyers*, but held that where the court, in the body of the order deferring adjudication, specifically provided that there were *no conditions of probation*, the defendant was not under court-ordered supervision.

Appellee also argues that article 55.01, prior to amendment, refers to "no court

ordered supervision pursuant to *article 42.-13*," which was repealed September 1, 1987; and that he received unsupervised deferred adjudication pursuant to article *42.12.* He cites *Bexar County District Attorney v. Mayo,* 773 S.W.2d 642 (Tex.App.1989, no writ). *Mayo* holds that one placed on misdemeanor probation while art. 42.13 was in effect could not have his records expunged. Appellee correctly argues that art. 42.13 was not in effect at the time he was placed on probation. Therefore, he posits, the trial court did not err in finding that each statutory condition of art. *55.01* had been met. We cannot agree.

We hold, as in *Meyers:*

The purpose of article 55.01 is "to allow those persons who were wrongfully arrested to expunge those arrest records." *Texas Department of Public Safety v. Failla,* 619 S.W.2d 215, 217 (Tex.Civ. App.—Texarkana 1981, no writ). Article 55.01 was "never intended to allow a person who is arrested, pleads guilty to an offense, and receives probation pursuant to a guilty plea to expunge arrest and court records concerning that offense." *Id. Expunction is available only when all of the statutory conditions have been met. Texas Comm'n on Law Enforcement Officer Standards and Education v. Watlington,* 656 S.W.2d 666, 668 (Tex.App.—Tyler 1983, writ ref'd).

*Meyers,* 675 S.W.2d at 799 (emphasis added).

Article 55.01 was originally enacted in 1965 and has been amended several times. *See* 1977 Tex.Gen.Laws, ch. 747, § 1 at 1880 (effective August 29, 1977); 1979 Tex. Gen.Laws, ch. 604, § 1 at 1333 (effective August 27, 1979); 1989 Tex.Gen.Laws, ch. 803, § 1, at 3666 (effective September 1, 1989).

Article 55.01 has consistently mandated, through the years, that expunctions could be had only when there was probation with no court-ordered supervision. Though the legislature did change article 55.01 by eliminating "42.13" and substituting "42.12," it must be presumed that the legislature in enacting 55.01 intended a result feasible of execution. Tex.Gov't Code Ann. 311.021 (1988). In construing article 55.01, this Court may consider the object sought to be obtained and the consequences of a particular construction. Tex.Gov't Code Ann. § 311.023 (1988).

The record is clear that appellee was given deferred adjudicated *supervised* probation under art. 42.12, § 3d(a). It was never intended to permit expunction under such circumstances. *Meyers,* 675 S.W.2d at 799. Article 42.13 was repealed and reenacted more than once—finally in 1987 with respect to the subject at hand. (1989 saw the enactment of an article 42.13 dealing with the Community Justice Assistance Division of the Texas Department of Criminal Justice.). We cannot hold that the legislature, by leaving "42.13" in article *55.01,* intended the construction for which appellee argues. The purpose of the article is clearly stated in *Meyers.*

The judgment of the trial court is reversed, and judgment is here rendered that P.E.'s petition for expunction be denied.