**Ex parte P.D.H.**

**No. B14–91–00134–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 30, 1992.

William J. Delmore, III, Houston, for appellant.

James V. Hewitt, Ervin Apffel, Jr., Galveston, for appellee.

Before PAUL PRESSLER, MURPHY and CANNON, JJ.

## OPINION

CANNON, Justice.

This is an appeal from an order granting appellee's petition for expunction of certain criminal records pursuant to TEX.CODE CRIM.PROC.ANN. art. 55.01. We reverse and render judgment in favor of appellant.

Appellee, P.D.H., was arrested on February 24, 1989, and charged with the class A misdemeanor offense of public lewdness. TEX.PENAL CODE ANN. § 21.07. Pursuant to a plea bargain agreement on May 22, 1989, appellee pled guilty to the class B misdemeanor offense of indecent exposure. TEX.PENAL CODE ANN. § 21.08. The Harris County Criminal Court at Law No. 14 deferred adjudication of appellee's guilt and placed appellee on six months' probation. TEX.CODE CRIM.PROC.ANN. art. 42.12, § 5. Appellee successfully completed probation and the county court subsequently dismissed the proceedings and discharged appellee. On July 20, 1990, appellee filed a petition for expunction of her criminal records in the district court pursuant to TEX.CODE CRIM.PROC.ANN. art. 55.02. The Harris County District Attorney's Office, the Harris County Sheriff's Department, the Harris County District Clerk's Office, and the City of Houston Police Department all filed general denials. After an evidentiary hearing, the court granted appellee's petition. The order was signed October 23, 1990. Only the Harris County District Attorney's Office appeals from that order.

In its sole point of error, appellant contends that the trial court erred in granting an expunction of appellee's criminal records, in the absence of evidence that appellee met the requirements of TEX.CODE CRIM.PROC.ANN. art. 55.01(2).

Article 55.01 permits a person to expunge all records and files relating to an arrest if three requirements are met. It is undisputed that appellee met the requirements of subsections (1) and (3) of article 55.01. Subsection (2) of Article 55.01, as amended by the legislature in 1989, entitles a person to expunction if:

he has been released and the charge, if any, has not resulted in a final conviction, and is no longer pending and there was no court ordered *probation* under *Article 42.12*, Code of Criminal Procedure, ...

Act of June 15, 1989, 71st Leg., R.S., ch. 803, § 1, 1989 Tex.Gen.Laws 3666, 3667 (effective September 1, 1989) (emphasis added).

In amending article 55.01(2), the legislature expressly provided that an arrest for an offense committed before the effective date of the amendment is covered by the law in effect when the offense was committed. Act of June 15, 1989, 71st Leg., R.S., ch. 803, § 5(b), 1989 Tex.Gen.Laws 3666, 3668. At the time of the commission of the offense, article 55.01(2) required that there be "... no court ordered *supervision* under *Article 42.13*...." Act of June 13, 1979, 66th Leg., R.S. ch. 604, § 1, 1979 Tex.Gen.Laws 1333 (emphasis added).

■ It is undisputed that appellee was placed on probation. The issue we must decide is whether appellee's probation subjected her to court-ordered supervision.[1] Appellant contends that there can be no probation without conditions imposed by the court. According to appellant, those conditions necessarily imply court-ordered supervision. Appellee contends simply that there was no court-ordered supervision because she was not required, as a condition of probation, to report to a probation officer, to pay the statutory supervisory fee, or to seek permission from a probation officer to leave her county of residence.

■ While the conditions referred to by appellee were in fact waived by the county

---

**1.** What is not at issue is whether appellee was subject to court-ordered supervision in spite of the prior repeal of TEX.CODE CRIM.PROC.ANN. art. 42.13. See *Harris County District Attorney's Of-* *fice v. J.T.S.,* 807 S.W.2d 572 (Tex.1991); *Harris County District Attorney's Office v. Dawson,* 809 S.W.2d 359 (Tex.App.—Houston [14th Dist.] 1991, no writ).

court, there were seven other conditions that were not waived. Appellee asserts, however, that those other conditions were "unrelated" to court supervision. Court-ordered supervision arises when a defendant is ordered to comply with the conditions detailed in the order granting probation. *Texas Department of Public Safety v. P.E.*, 794 S.W.2d 604, 607 (Tex.App.—Austin 1990, no writ) (quoting *Meyers v. State*, 675 S.W.2d 798, 799 (Tex.App.—Dallas 1984, no writ)). In order to constitute court-ordered supervision, a defendant need only be ordered to comply with conditions; it is not necessary to require that he report to a probation officer. *Id.* Conditions of probation, whatever they may be, as ordered by a court, necessarily relate to court supervision because it is such supervision which ensures compliance. Because appellee was ordered to comply with conditions of probation, we find that appellee was subject to court-ordered supervision.

The case of *State v. R.B.*, 699 S.W.2d 296 (Tex.App.—Dallas 1985, no writ) cited and relied upon by appellee is distinguishable. There, the court's order of deferred adjudication probation expressly provided "... that there shall be no Court ordered supervision or probation of defendant under Article 42.13 of the Code of Criminal Procedure." 699 S.W.2d at 298. Here, the county court's order of deferred adjudication placed appellee on probation.

■ The legislature intended article 55.01 to permit expunction of records of wrongful arrests. *Harris County District Attorney's Office v. J.T.S.*, 807 S.W.2d 572, 574 (Tex.1991); *Texas Department of Public Safety v. Failla*, 619 S.W.2d 215, 217 (Tex.App.—Texarkana 1981, no writ); *See State v. Arellano*, 801 S.W.2d 128, 131–32 (Tex.App.—San Antonio 1990, no writ). The expunction law clearly was not "intended to allow a person who is arrested, pleads guilty to an offense, and receives probation pursuant to a guilty plea to expunge arrest and court records concerning that offense." *Id.* (quoting *Failla*, 619 S.W.2d at 217). In the instant case, appellee pled guilty and by doing so admitted that she was not wrongfully arrested. We

hold that the trial court erred in granting expunction of appellee's criminal records because appellee failed to comply with the requirement set out in article 55.01(2). Therefore, we sustain appellant's point of error. Because of the unique situation created by an action to expunge criminal records, it is permissible to reverse an entire judgment, even as it applies to nonappealing parties. *Ex parte Elliott*, 815 S.W.2d 251, 252 (Tex.1991). Accordingly, we reverse the judgment of the trial court and render judgment denying expunction.