HARRIS COUNTY DISTRICT ATTORNEY'S OFFICE and Texas Department of Public Safety, Appellants,

v.

D.W.B., Appellee.

No. 01–91–00502–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 19, 1993.

William Delmore, III, Louis V. Carrillo, Houston, for appellants.

John Gascoigne, Houston, for appellee.

## OPINION

DUGGAN, Justice.

This is an appeal from an order granting expunction of the 1981 arrest record of appellee, D.W.B., for a misdemeanor offense. Appellants, the Harris County District Attorney's Office and the Texas Department of Public Safety, assert a single point of error on appeal. We affirm.

On October 13, 1981, appellee was arrested in Houston and charged by information in

cause number 630,920 in the County Criminal Court of Law Number 2 of Harris County with the misdemeanor offense of enticing a child. TEX.PENAL CODE ANN. § 25.04 (Vernon Supp.1993). On January 4, 1982, appellee appeared in that court and entered a plea of nolo contendere. The order introduced at the expunction hearing showed that the trial court accepted appellee's plea, found the evidence substantiated his guilt, deferred adjudication of his guilt, and placed appellee on misdemeanor probation under TEX.CODE CRIM.P.ANN. art. 42.13 [1] for a period of 180 days. Appellee successfully completed the period of probation. On August 17, 1982, the trial court entered an order terminating appellee's probation, dismissing the proceedings against him, and discharging him.

Some eight years later, on October 19, 1990, appellee filed a post-conviction application for writ of habeas corpus in the county criminal court at law, alleging that the "final judgment" entered against him on January 4, 1982, by which he was "sentenced by the court to a term of 180 days deferred adjudication and a fine of $1,000," was illegal because the record failed to show his affirmative waiver of his right to jury trial. *See Samudio v. State*, 648 S.W.2d 312, 313 (Tex. Crim.App.), *cert. denied*, 462 U.S. 1132, 103 S.Ct. 3113, 77 L.Ed.2d 1368 (1983).[2] Appellee sought by his habeas application to be discharged "from further confinement pursuant to the illegal judgment and sentence [in the 1981 county criminal court at law case]." On November 2, 1990, the trial court granted habeas corpus relief and noted in its handwritten order, "judgment in cause No. 630920 set aside and vacated." The State did not appeal the grant of habeas corpus relief. On January 10, 1991, the information charging appellee was dismissed on the State's motion on grounds of "insufficient evidence."

On February 22, 1991, appellee filed a petition in the district court for expunction of

1. Act of June 13, 1979, 66th Leg., R.S., ch. 654, § 1, 1979 Tex.Gen.Laws 1514, 1514, *repealed by* Act of June 20, 1987, 70th Leg., R.S., ch. 939, § 24, 1987 Tex.Gen.Laws 3132, 3144. The former misdemeanor probation statute has now been merged into TEX.CODE CRIM.P.ANN. art. 42.12 (Vernon Supp.1993), the present consolidated probation statute. *Texas Department of Public*

*Safety v. P.E.*, 794 S.W.2d 604, 607 (Tex.App.— Austin 1990, no writ).

2. Appellee was arrested, entered his plea, admitted to and dismissed from deferred adjudication before *Samudio* was decided on February 9, 1983.

all records and files pertaining to his 1981 arrest. Harris County's district attorney, district clerk, and sheriff, as well as the Houston Police Department and the Texas Department of Public Safety (DPS), all filed general denial answers; appellants, the Harris County District Attorney's Office and the DPS, also pleaded their opposition to expunction. Following a hearing, the district court granted expunction relief.

■ In a single point of error, appellants contend the trial court erred in granting an expunction in the absence of any evidence that appellee/petitioner met the statutory requirements for an expunction.

Article 55.01(2), the applicable statute, states:

A person who has been arrested for commission of . . . a misdemeanor [3] is entitled to have all records and files relating to the arrest expunged if each of the following conditions exist:

. . . .

(2) he has been released and the charge, if any, has not resulted in a final conviction and, is no longer pending and *there was no court ordered probation under Article 42.-12*, Code of Criminal Procedure, nor a conditional discharge under Section 481.-109 Health and Safety Code.

TEX.CODE CRIM.P.ANN. art. 55.01(2) (Vernon Supp.1993) (emphasis added).

Appellants urge that appellee is not entitled to expunction of records of his arrest and prosecution because he did not and cannot show, as required by article 55.01(2), that his arrest did not result in any "court ordered supervision under Art. 42.13, Code of Criminal Procedure, as amended."

■ The expunction statute was enacted by the legislature to allow the expunction of wrongful arrest records. *Harris County Dist. Attorney's Office v. J.T.S.*, 807 S.W.2d

572, 574 (Tex.1991); *Ex parte Watts*, 742 S.W.2d 745, 746 (Tex.App.—Houston [1st Dist.] 1987, no writ). It was not "intended to allow a person who is arrested, pleads guilty to an offense, and receives probation pursuant to a guilty plea to expunge arrest and court records concerning that offense." *Texas Dep't of Public Safety v. Failla*, 619 S.W.2d 215, 217 (Tex.App.—Texarkana 1981, no writ). *See also State v. Arellano*, 801 S.W.2d 128, 131–32 (Tex.App.—San Antonio 1990, no pet.) (reviewing the legislative history of the expunction statute). The same rationale applies to petitioners who pled nolo contendere. *Texas Dep't of Public Safety v. P.E.*, 794 S.W.2d 604, 608 (Tex.App.—Austin 1990, no writ).

■ Expunction is available only when all the statutory conditions are met. *State v. Gamble*, 692 S.W.2d 200, 202 (Tex.App.—Fort Worth 1985, no pet.). Merely completing the terms of deferred adjudication and obtaining a dismissal does not entitle a petitioner to expunction of criminal records. *Id.;* *Ex parte Elliott*, 804 S.W.2d 324, 325 (Tex.App.—Houston [1st Dist.] ), *rev'd on other grounds*, 815 S.W.2d 251 (Tex.1991).

The law is settled that misdemeanor deferred adjudication constitutes "court ordered supervision" under article 42.12 for purposes of the expunction statute. *Harris County District Attorney's Office v. J.T.S.*, 807 S.W.2d 572, 574 (Tex.1991); *Ex parte P.D.H.*, 823 S.W.2d 791, 792–93 (Tex.App.—Houston [14th Dist.] 1992, no writ); *Texas Dept. of Public Safety v. P.E.*, 794 S.W.2d at 607; *Meyers v. State*, 675 S.W.2d 798, 799 (Tex.App.—Dallas 1984, no pet.).

■ Appellee agrees that deferred adjudication constitutes "court ordered supervision." However, he argues, there must be a *valid* order granting deferred adjudication before there can be "court ordered supervision," and the 1982 deferred adjudication in

---

3. Persons arrested for misdemeanors are not required to meet the conditions set out in TEX.CODE CRIM.P.ANN. art. 55.01(1) (Vernon Supp.1993), in order to be entitled to expunction. *Ex parte Watts*, 742 S.W.2d 745, 747 (Tex.App.—Houston [1st Dist.] 1987, no writ); *cf. Ex parte Scott*, 818 S.W.2d 226, 227 (Tex.App.—Austin 1991, no writ) ("We find that paragraph one is applicable to all who seek expunction, but a petitioner must

only prove that there has been neither an indictment or information charging a *felony* or that the felony indictment or information was dismissed."). Appellants do not contest that appellee has met the requirement of TEX.CODE CRIM. P.ANN. art. 55.01(3) (Vernon Supp.1993), that "he has not been convicted of a felony in the five years preceding the date of the arrest."

appellee's case "never happened under the facts herein presented for review." This is so, he reasons, because the 1982 order deferring adjudication and placing him on probation for 180 days did not terminate under its own provisions, or under the written dismissal order entered August 17, 1982, or under the statutory provisions governing deferred adjudication. Instead, his deferred adjudication was terminated by his successful 1990 post-conviction writ, and his case was then dismissed in 1991 for insufficient evidence.

We agree. The order of deferred adjudication was declared invalid when the county criminal court at law granted habeas corpus relief in the misdemeanor case. That order granted a new trial, which *"restores the case to its position before the former trial...."* See TEX.R.APP.P. 30(a), 32 (emphasis added). That order is now final. Therefore, it is the law of the case, and unless that order is void, which no one contends, its effect cannot be avoided. Because the law of the case is that there was never valid court-ordered probation, appellee met all requirements of TEX. CODE CRIM.P.ANN. art. 55.01, and is entitled to the order of expunction.

Appellants' point of error is overruled.

COHEN and PRICE [4], JJ., also sitting.