NUMBER 13-04-00498-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

                                                                                                                       


TEXAS DEPARTMENT OF PUBLIC SAFETY,                                Appellant,

 

                                                             v.

 

MICHAEL ANTHONY BUFF,                                                             Appellee.

                                                                                                                       


   On appeal from the 138th District Court of Cameron County,
Texas.

                                                                   
                                                    

                       MEMORANDUM OPINION

 

               Before Justices Hinojosa,
Rodriguez, and Garza

                         Memorandum
Opinion by Justice Hinojosa

 

Appellant, the Texas Department of Public
Safety (ADPS@), appeals from the trial court=s nunc pro tunc order expunging certain
records of appellee, Michael Anthony Buff. 
In two issues, DPS contends the trial court (1) did not have plenary
power to issue the nunc pro tunc order and (2) erred by not providing DPS with
notice of the hearing on the motion for expunction.  We reverse and render.








                                                             A.  Background

In November 1997, appellee was arrested for
felony theft, criminal mischief, and burglary of a habitation.  He was subsequently indicted for the offense
of burglary of a habitation.  On May 29,
1998, after appellee pleaded guilty, the trial court found him guilty and
placed him on community supervision for a term of five years.  Appellee filed a motion to reconsider the
sentence on June 17, 1998, and the trial court granted the motion on June 19,
1998.  The trial court set aside the
finding of guilt and placed appellee on deferred-adjudication community
supervision for a term of five years.  On
October 7, 1999, appellee was discharged from his deferred-adjudication
community supervision.

On December 15, 1999, appellee filed a
motion for expunction Aof all records and files arising out of
[his] arrest on November 26, 1997,@ specifically, the records relating to the
charges of felony theft and criminal mischief, the two offenses for which he
was never indicted.  The original AOrder of Expunction,@ signed by the trial court on December 29,
1999, provides that Aany and all records and/or files of
[appellee], concerning the arrest on November 26, 1997, for the offense of
Felony Theft and Misdemeanor Criminal Mischief . . . are hereby expunged.@








On June 24, 2004, appellee filed a motion
for expunction nunc pro tunc asserting the trial court had made a clerical
error when it ordered on June 19, 1998, that his record of arrest be
expunged.  Appellee claimed that instead
of felony theft, the order of expunction should have Astated that the offense was second degree
felony burglary of a habitation and that the date of arrest was November 26,
1997, instead of November 27, 1997.@  The
trial court agreed and granted appellee=s motion. 
On June 25, 2004, the trial court signed a ANunc Pro Tunc Order of Expunction.@  The
nunc pro tunc order found that, due to a clerical error, the original order had
incorrectly stated one of the offenses and the date of arrest and ordered that
the burglary of a habitation charge replace the felony theft charge.  This appeal ensued.

                                                   B.  Nunc
Pro Tunc Order

In its first issue, DPS contends the trial
court did not have the power to issue the nunc pro tunc order.  Specifically, appellant asserts the nunc pro
tunc order does not correct a clerical error, but rather, makes a judicial
determination and substantively changes the contents of the original
order.  We agree.

After a judgment has become final, a trial
court may correct clerical errors by nunc pro tunc judgment even after its
plenary power has expired; however, it may not correct judicial errors.  Tex. R.
Civ. P. 316; see Escobar v. Escobar, 711 S.W.2d 230, 231 (Tex.
1986); see also Andrews v. Koch, 702 S.W.2d 584, 585 (Tex. 1986).  The salient distinction between Aclerical@ and Ajudicial@ errors lies in the exercise of the
judgmental offices of the court; a clerical error is one which does not result
from judicial reasoning or determination. 
Andrews, 702 S.W.2d at 585. 
On the other hand, a judicial error is an error which occurs in the
rendering as opposed to the entering of a judgment.  Escobar, 711 S.W.2d at 231. Judicial
errors are never correctable by the trial court after the court's jurisdiction
expires. Comet Aluminum Co. v. Dibrell, 450 S.W.2d 56, 58 (Tex.
1970).  Whether an error is a clerical
error or a judicial error is a question of law, and therefore, the trial court=s determination is not binding on a court of
appeals.  Escobar, 711 S.W.2d at
232; Finlay v. Jones, 435 S.W.2d 136, 138 (Tex. 1968).  








The proponent of clerical error must show by
clear and convincing evidence that the judge intended the requested result at
the time the original judgment was rendered. 
Riner v. Briargrove Park Prop. Owners, Inc., 976 S.W.2d 680, 683
(Tex. App.BHouston [1st Dist.] 1998, no writ).  This high burden insures that judges can
correct their clerical mistakes while preventing the use of rule 316 as a
vehicle to circumvent the general rules regarding the trial court=s plenary power if the court changes its
mind about its judgment. Jenkins v. Jenkins, 16 S.W.3d 473, 482 (Tex.
2000).

The record does not support appellee=s assertion that the stated offense of Afelony theft@ in the original order was a clerical error;
that instead, the order should have stated Aburglary of habitation.@ 
First, the language of the petition and order of 1999, and the language
of the petition and order of 2004, differ substantively.  While appellee=s original petition requested the
expungement of all records of his arrest for felony theft and criminal
mischief, the two offenses for which he was never indicted, his 2004 petition
requests the expungement of all records for the burglary of a habitation
charge, the offense for which he was indicted and subsequently pleaded guilty.  Similarly, the original order expunges only
the records of appellee=s arrest for felony theft and criminal
mischief; whereas the 2004 nunc pro tunc order expunges all records of the
burglary of a habitation charge.








The substantive differences in appellee=s record for felony theft and burglary of a
habitation make it unlikely that the substitution of one for the other is
merely a clerical error.  While appellee
was only arrested for the offense of Afelony theft,@ he was arrested, indicted, pleaded guilty,
and placed on deferred-adjudication community supervision for the offense of Aburglary of a habitation.@ 
Further, the contextual content of neither the original petition nor the
original order indicates that the appellee meant to ask for, or the trial court
meant to grant, expungement of records pertaining to the burglary of a
habitation charge, rather than the felony theft charge.

Moreover, when an individual has been placed
on deferred-adjudication community supervision for an offense, the records
pertaining to that offense are not eligible for expunction.  Tex.
Code Crim. Proc. Ann. art. 55.01(a)(2)(B) (Vernon 2005); see Tex. Code Crim. Proc. Ann. art. 42.12, ' 5 (Vernon 2005).  It is well settled that deferred-adjudication
community supervision constitutes Acourt ordered probation@ for the purposes of article
55.01(a)(2)(B).  See Tex. Dep=t of Pub. Safety v. Butler, 941 S.W.2d 318, 321 (Tex. App.BCorpus Christi 1997, no writ); see also
Tex. Dep=t of Pub. Safety v. Moran, 949 S.W.2d 523, 527 (Tex. App.BSan Antonio 1997, no writ); State v.
Knight, 813 S.W.2d 210, 212 (Tex. App.BHouston [14th Dist.] 1991, no writ); Tex.
Dep=t of Pub. Safety v. P.E., 794 S.W.2d 604, 608 (Tex. App.BAustin 1990, no writ).  This bar to expunction remains even if the
conditions of deferred-adjudication community supervision are minimal, P.E.,
794 S.W.2d at 608 (no requirement that petitioner report to community supervision
officer or pay monthly community supervision fee), or if the
deferred-adjudication community supervision has been completed and consequent
dismissal obtained.  Harris County
Dist. Attorney's Office v. J.T.S., 807 S.W.2d 572, 574 (Tex. 1991).  Therefore, while the record of appellee=s arrest for Afelony theft@ and Acriminal mischief@ were eligible for expunction, because he
was not indicted for either offense, appellee=s record regarding the offense of Aburglary of a habitation@ presents a very different situation.  See Tex.
Code Crim. Proc. Ann. art. 55.01
(Vernon 2005).








We conclude that the change requested by
appellee was not for the correction of a clerical error, but for a judicial change
to the substance of the original order of expunction.  Because the trial court=s plenary power to correct a judicial error
had long since expired, we hold the trial court did not have the authority to
issue the ANunc Pro Tunc Order of Expunction.@  See
Tex. R. Civ. P. 329b(d) (trial
court has plenary power to vacate, modify, correct, or reform judgment within
thirty days after judgment is signed).

Appellant=s first issue is sustained.  Because this issue is dispositive, we need
not address appellant=s second issue.  See Tex.
R. App. P. 47.1.

We reverse the trial court=s nunc pro tunc order and render judgment
that appellee=s motion for expunction nunc pro tunc be
denied.  We order all records stemming
from appellee=s burglary of a habitation charge be
returned to the submitting agencies.

 

 

FEDERICO G. HINOJOSA

Justice

 

 

Memorandum Opinion delivered and filed

this the 29th day of June, 2006.