In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-09-00159-CV


____________________



KEVIN SMITH, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. X-867






 MEMORANDUM OPINION


 Appellant Kevin Smith appeals the trial court's order denying his petition for
expunction. Smith's pro se brief provides a list of "reasons" the trial court should have
granted Smith's petition for expunction in Smith's three cases, but does not provide any
argument or record references. See Tex. R. App. P. 38.1(i).

 In response to Smith's petition, the State contended that "[r]ecords indicate Petitioner
pled either no contest or guilty in each offense. Therefore, this petition does not comply with
terms of the statute." In his brief, Smith acknowledges that each of the criminal cases
involved misdemeanor charges to which he pled either guilty or no contest. The trial court
conducted a hearing on Smith's petition; however, we do not have a record of the hearing
before us. In its order denying Smith's petition for expunction, the trial court found "that the
Petitioner is not entitled to expunction of any records and files that are the subject of this
petition." In its letter brief on appeal, the State contended that "[t]he State's defense in the
trial court was based entirely on computer records showing Appellant's pleas of either no
contest or guilty in the three subject cases."

 Article 55.01 of the Texas Code of Criminal Procedure provides as follows:

 (a) A person who has been placed under a custodial or noncustodial
arrest for commission of either a felony or misdemeanor is
entitled to have all records and files relating to the arrest
expunged if:


 (1) the person is tried for the offense for which the person was
arrested and is:


 (A) acquitted by the trial court . . .; or


 (B) convicted and subsequently pardoned; or


 (2) each of the following conditions exist[s]:


 (A) an indictment or information charging the person with
commission of a felony has not been presented against the
person for an offense arising out of the transaction for which the
person was arrested or, if an indictment or information charging
the person with commission of a felony was presented, the
indictment or information has been dismissed or quashed, and:


 (i) the limitations period expired before the date on which a petition
for expunction was filed under Article 55.02; or


 (ii) the court finds that the indictment or information was dismissed
or quashed . . .;

 

 (B) the person has been released and the charge, if any, has not
resulted in a final conviction and is no longer pending and there
was no court ordered community supervision under Article
42.12 for any offense other than a Class C misdemeanor; and


 (C) the person has not been convicted of a felony in the five years
preceding the date of the arrest.


Tex. Code Crim. Proc. Ann. art. 55.01(a) (Vernon 2006). As discussed above, Smith
admitted in his brief to this Court that he pled guilty or nolo contendere in each of the cases
referenced in his petition for expunction. Therefore, he does not meet the requirements of
article 55.01. See id; see also Harris County Dist. Attorney's Office v. D.W.B., 860 S.W.2d
719, 721 (Tex. App.-Houston [1st Dist.] 1993, no pet.) (The expunction statute was not
intended to allow a person who pled guilty or nolo contendere to an offense to expunge the
records regarding that offense.). Accordingly, we affirm the trial court's order.

 AFFIRMED.

 _________________________________

 HOLLIS HORTON

 Justice 


Submitted on May 27, 2009

Opinion Delivered June 11, 2009 

Before McKeithen, C.J., Gaultney and Horton, JJ.