



## MEMORANDUM OPINION

No. 04-09-00398-CV

**EX PARTE** Andy **LINARES**,
Appellant

From the 111th Judicial District Court, Webb County, Texas
Trial Court No. 2008-CVK-001376-D2
Honorable Raul Vasquez, Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:    Catherine Stone, Chief Justice
    Sandee Bryan Marion, Justice
    Rebecca Simmons, Justice

Delivered and Filed:  March 24, 2010

REVERSED IN PART AND AFFIRMED IN PART

The Texas Department of Public Safety (DPS) appeals from the trial court's order expunging Appellee Andy Linares' charge for driving while intoxicated (DWI).  DPS complains that Linares was not entitled to an expunction of records related to his arrest for driving while intoxicated because he failed to establish, by legally sufficient evidence, that his arrest did not result in a final conviction, and that he had not received court-ordered community supervision.  Because the trial court erred in granting Linares an expunction for his DWI charge, we reverse the judgment of the trial court and render judgment denying Linares' request for expunction with regard to the DWI.  We affirm the judgment in all other respects.

## FACTUAL BACKGROUND

Linares was arrested on December 22, 1994, and charged with the offense of driving while intoxicated. On July 17, 1995, Linares entered a plea of guilty to the offense and was placed on probation for a period of one year. Thirteen years later, Linares filed his petition for expunction regarding two instances of arrest: (1) aggravated assault, which did not result in a final conviction, and (2) driving while intoxicated. Neither party contests the expunction of the 1995 assault causing bodily injury. However, DPS argues that the DWI charge was barred from expunction because it resulted in a final conviction of the offense. On January 7, 2009, the trial court granted Linares' petition and signed an order expunging both arrests on his record. This restricted appeal followed.

## STANDARD OF REVIEW

An appellate court reviews a trial court's ruling on a petition for expunction under an abuse of discretion standard. *Ex parte Guajardo*, 70 S.W.3d 202, 204 (Tex. App.—San Antonio 2001, no pet.). To successfully attack an order for expunction of records relating to an arrest by restricted appeal, DPS must show that: (1) it was a party to the expunction suit; (2) it was served with a copy of the petition for expunction and filed a written response, but it did not participate either in person or through counsel in the hearing that resulted in the judgment; (3) it filed its notice of appeal within the six-month deadline; and (4) that the face of record establishes that the arrestee was not entitled to expunction. *See Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *Tex. Dep't of Pub. Safety v. Jacobs*, 250 S.W.3d 209, 210 (Tex. App.—Dallas 2008, no pet.). Because it is clear from the record that DPS meets the first three of these requirements, we consider only whether the face of the record establishes Linares was not entitled to an expunction of the charge in question.

**DRIVING WHILE INTOXICATED OFFENSE**

DPS contends the trial court erred in granting Linares an expunction of his DWI charge because Linares served twelve months probation as a result of his arrest for DWI. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01 (Vernon 2006). The expunction statute was enacted by the legislature to allow the expunction of wrongful arrest records. *Harris County Dist. Attorney's Office v. D.W.B.*, 860 S.W.2d 719, 721 (Tex. App.—Houston 1993, no pet.); *Harris County Dist. Attorney's Office v. J.T.S.*, 807 S.W.2d 572, 574 (Tex. 1991). It was not "intended to allow a person who is arrested, pleads guilty to an offense, and receives probation pursuant to a guilty plea to expunge arrest and court records concerning that offense." *D.W.B.*, 860 S.W.2d at 721; *see also State v. Arellano*, 801 S.W.2d 128, 131-32 (Tex. App—San Antonio 1990, no pet.).

A review of the record before us establishes that Linares was charged with and entered a plea of guilty to DWI. The trial court subsequently found Linares guilty and placed Linares on probation for a period of one year. Because Linares' DWI charge resulted in a final conviction, he does not meet all of the statutory requirements for an expunction of this charge under article 55.01. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01. Furthermore, counsel for Linares conceded at the initial expunction hearing that "the other incident," referring to the DWI charge, was not eligible for expunction.

Accordingly, because Linares failed to prove that he satisfied the conditions imposed by article 55.01, we reverse the judgment of the trial court with regard to the DWI offense, and render judgment denying Linares petition for expunction on the DWI offense. *See Tex. Dep't of Pub. Safety v. Olivares*, No. 13-06-035-CV, 2007 WL 2128889, *4 (Tex. App.—Corpus Christi July 26, 2007, no pet.) (explaining that appellee's final conviction and twelve months on

probation for DWI prevented expunction on the charge).  We affirm the judgment in all other respects.

Rebecca Simmons, Justice