**John William CYRUS, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 20375.**

Court of Civil Appeals of Texas, Dallas.

June 11, 1980.

Rehearing Denied July 7, 1980.

John William Cyrus, Jr., for appellant.

Fred C. McDaniel, Maridell Templeton, Asst. Dist. Attys., Dallas, for appellee.

Before GUITTARD C. J., and AKIN and STOREY, JJ.

AKIN, Justice.

This is an appeal from an order denying the expunction of appellant's arrest record. Because we hold that appellant established his right to an expunction as a matter of law, we reverse and render judgment for appellant.

On January 17, 1977, appellant was involved in an incident in which he smashed the side window of a 1973 Datsun automobile and did other damage to that vehicle with a sledge hammer. According to appellant's version of the incident, the acts were performed in self-defense as the driver attempted to run over appellant with the vehicle. Appellant was subsequently indicted for the offense of criminal mischief. Tex.Penal Code Ann. § 28.03 (Vernon 1974). Violation of that statute is a felony if it involves damage to property with a pecuniary loss of $200 or more but less than $10,000. If the property damage is less than $200, the violation is a misdemeanor. The indictment charged that appellant did " . . . knowingly and intentionally damage and destroy one windshield, without the effective consent of . . . the owner, said damage and destruction amount to a pecuniary loss of at least $200.00 but less than $10,000.00." The evidence is uncontradicted that appellant in fact broke the side window and that the repair of that window cost $35.00. The indictment was dismissed on April 20, 1978. Upon the basis that the indictment was predicated upon false information or mistake, appellant moved for expunction of his arrest record under Tex.Code Crim.Pro.Ann. art. 55.01 (Vernon Supp.1980). The motion to expunge was denied and this appeal ensued.

The initial question is our jurisdiction over the denial of expunction of a criminal arrest record. We have jurisdiction of this appeal because the expunction proceeding is civil rather than criminal in nature. *S.P. v. Texas Department of Human Resources,* 577 S.W.2d 385 (Tex.Civ. App.—Eastland 1979, writ ref'd n. r. e.).

We turn now to the State's contention that we lack jurisdiction because the appeal bond was not timely filed. The bond was filed November 21, 1979. The order denying the petition for expunction states that it was "entered" on October 5, 1979. The State argues that the thirty-day period for filing the cost bond begins to run from that date. A subsequent order of the trial judge states that the order denying the petition for expunction was signed on November 15, 1979. The date of signing of the judgment determines the time limits for perfection of appeal if the date of signing is shown therein. Tex.R.Civ.P. 306a. Under Tex.R.Civ.P. 306b, time limits for appeal from a nunc pro tunc judgment begin on the date of signing of the nunc pro tunc order if shown therein. The omission of the date of signing is a clerical error which may be corrected by a judgment nunc pro tunc. *City of San Antonio v. Terrill,* 501 S.W.2d 394, 397 (Tex.Civ. App.—San Antonio 1973, writ ref'd n. r. e.). Since the omission of the date of signing may be corrected by a judgment nunc pro tunc, we hold that the trial judge may also correct that omission by filing an additional order which specifies the date that the original judgment was signed. Thus the thirty-day period for filing appellant's appeal bond began on November 15, 1979, and appellant's appeal bond was timely filed.

The expunction statute, Tex.Code Crim. Proc.Ann. art. 55.01 (Vernon Supp.1980) provides:

Article 55.01. Right to expunction.

A person who has been arrested for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if each of the following conditions exist:

(1) an indictment or information charging him with commission of a felony has not been presented against him for an offense arising out of the transaction for which he was arrested or, if an indictment or information charging him with commission of a felony was presented, it has been dismissed and the court finds that it was dismissed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the

person committed the offense or because it was void;

(2) he has been released and the charge, if any, has not resulted in a final conviction and, is no longer pending and there was no court ordered supervision under Article 42.13, Code of Criminal Procedure, 1965, as amended, nor a conditional discharge under Section 4.12 of the Texas Controlled Substances Act (Article 4476—15, Vernon's Texas Civil Statutes); and

(3) he has not been convicted of a felony in the five years preceding the date of the arrest.

Amended by Acts 1979, 66th Leg., p. 1333, ch. 604, § 1, eff. Aug. 27, 1979.

■ Appellant contends that he proved his right to expunction of his arrest records by uncontroverted evidence and that the trial judge erred in refusing his petition for expunction. We agree. There is no question as to appellant's proof of paragraphs (2) and (3). The question before us is the sufficiency of appellant's proof under paragraph (1). Appellant contends that he proved by uncontroverted evidence that the dismissal of the indictment against him was based on mistake or false information indicating a lack of probable cause at the time of dismissal to believe that he committed the offense charged in the indictment. Thus he asserts that he is entitled to expunction of his arrest records as a matter of law. We agree.

■ Appellant presented his own testimony and the record from his examining trial to show that the side widow of the Datsun vehicle was destroyed rather than the windshield and that the cost to repair the window was only $35.00 rather than $200 or more as alleged in the indictment. The State presented no controverting evidence as to the reasons for dismissal of the indictment, even though the reason was peculiarly within the knowledge of the Dallas County District Attorney's office, which represented the state in this action. The testimony of an interested witness can establish a right to judgment as a matter of law where that testimony is clear, positive, and direct and does not contain inconsistencies. *Collora v. Navarro*, 574 S.W.2d 65 (Tex.1978). This is especially true where there exists corroborating evidence, such as the record from the examining trial presented by appellant in the case at bar. *Id.* at 70. Appellant's evidence of the reason for dismissal of his indictment is especially compelling in light of the State's failure to present evidence showing that the indictment was dismissed for another reason. *Washington v. Reliable Life Insurance Co.*, 581 S.W.2d 153, 158–59 (Tex.1979). *Great American Reserve Insurance Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965). Thus we hold that appellant has established his right to expunction of his arrest records as a matter of law.

■ The State contends that a mistake as to the value of the property destroyed does not show a lack of probable cause to believe that appellant committed the offense. The State contends that under the indictment the appellant could be prosecuted for the lesser crime of misdemeanor criminal mischief even though the window destroyed had a value of only $35.00. Thus the State contends that appellant is not entitled to expunction. We cannot agree. The offense set forth in the indictment is a felony. Appellant has proved that his indictment for that offense was based on false information or mistake. Even if, as the State argues appellant may be prosecuted under this indictment for the lesser offense of misdemeanor criminal mischief, this is not a reason to deny expunction of his arrest records for the felony offense. A substantial difference exists between the stigma imposed by a felony arrest record and that of a misdemeanor charge. Consequently, we hold that by proving that the felony offense set forth in the indictment was dismissed because of false information or mistake, appellant has the right to expunction under article 55.01. Accordingly, we reverse and render judgment that the records of appellant's arrest for criminal mischief be expunged.