**Ex parte Adolph Todd WATTS.**

**No. 01–87–00168–CV.**

Court of Appeals of Texas, Houston (1st Dist.)

Nov. 19, 1987.

Robert E. Hoskins, Galveston, for appellant.

Michael J. Guarino, Galveston County Dist. Atty., Susan W. Burris, Galveston County Asst. Dist. Atty., Galveston, for appellee.

## OPINION

JACK SMITH, Justice.

This is a civil action filed pursuant to Tex.Code Crim.P.Ann. art. 55.01 (Vernon Supp.1987) seeking expunction of all records arising out of appellant's felony arrest for aggravated assault with a deadly weapon. The trial court denied the relief sought by appellant, Adolph Watts.

On January 24, 1985, Watts, his brother, and a friend were arrested for aggravated assault with a deadly weapon. The information recited that Watts "did unlawfully, intentionally and knowingly cause bodily injury to Danny McAfee by shooting him with a shotgun." The grand jury returned a "no bill" on this felony offense because of the assistant district attorney's recommendation that it be reduced to a misdemeanor. At the expunction hearing, the assistant district attorney testified that he "felt we couldn't prove the intentional act of aggravated assault with a deadly weapon," but that the recommendation not to indict was not made because of any mistake, false information, or lack of probable cause. The instrument dismissing the felony recited that the cause was refiled as a misdemeanor.

The misdemeanor charge of assault causing bodily injury was filed, but then dismissed because of problems with the information. The offense was refiled as reckless assault causing bodily injury, and subsequently dismissed because of the revocation of Watt's parole.

Tex.Code Crim.P.Ann. art. 55.01 (Vernon Supp.1987) provides that a person who has been arrested for a felony or a misdemeanor is entitled to expunction only if each of the following conditions exist:

(1) an indictment or information charging him with commission of a felony has not been presented against him for an offense arising out of the transaction for which he was arrested or, if an indictment or information charging him with commission of a felony was presented, it has been dismissed and the court finds that it was dismissed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void;

(2) he has been released and the charge, if any, has not resulted in a final conviction and, is no longer pending and there was no court ordered supervision under Article 42.13, Code of Criminal Procedure, 1965, as amended, nor a conditional discharge under Section 4.12 of the Texas Controlled Substances Act (Article 4476-15, Vernon's Texas Civil Statutes); and

(3) he has not been convicted of a felony in the five years preceding the date of the arrest.

The purpose of article 55.01 is to allow those persons who are wrongfully arrested to expunge their arrest records. *Smith v. Millsap*, 702 S.W.2d 741 (Tex. App.—San Antonio 1985, no writ); *Texas Dept. of Public Safety v. Wiggins*, 688 S.W.2d 227, 229 (Tex.App.—El Paso 1985, no writ). The right to expunction is only available when all of the statutory conditions of the article have been met. *Texas Comm'n of Law Enforcement Officer Standards & Educ. v. Watlington*, 656 S.W.2d 666, 668 (Tex.App.—Tyler 1983, writ ref'd n.r.e.). The burden of proof to establish that each of these conditions is satisfied is on the petitioner. *Sink v.*

*State*, 685 S.W.2d 403, 405 (Tex.App.—Dallas 1985, no writ).

Watts contends that he proved his right to expunction of his arrest records by the uncontroverted evidence and that the trial judge erred in refusing his petition for expunction. We agree.

There is no question about Watts' proof of paragraphs (2) and (3). All of the charges were ultimately dismissed, and no final convictions resulted therefrom. Likewise, Watts' testimony that he had not been convicted of a felony in the five years proceeding the date of the arrest was uncontroverted.

The only question is the sufficiency of Watts' proof under paragraph (1). Watts claims that the original felony arrest was based on mistake and relies on *Cyrus v. State*, 601 S.W.2d 776 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.). The State, relying on *Sink v. State*, 685 S.W.2d at 403, cites the testimony of the assistant district attorney and claims that there was no mistake, false information, or lack of probable cause, and that Watts failed to sustain his burden.

■ We find that neither *Cyrus* nor *Sink* are applicable because there was no "presentment" under the statute. The statute clearly specifies that the information charging him with the commission of a felony was "presented," but dismissed because "the *presentment* had been made because of mistake, false information, or other similar reason indicating an absence of probable cause...." (Emphasis added.) The felony information was never "presented" because it was "no billed" by the grand jury. A presentment occurs when nine members of the grand jury concur in a "true bill" and deliver the indictment to the judge or clerk. *See* Tex.Code Crim.P.Ann. arts. 20.19, 20.20, 20.21, and 20.22 (Vernon 1977 & Supp.1987). Therefore, Watts has established that the conditions of paragraph (1) are met because there was no presentment of a felony indictment or information.

■ Paragraph (1), by its terms, is also not applicable to misdemeanor offenses.

Prior to the amendment of article 55.01, subd. (1) applied to both misdemeanors and felonies. *See* Tex.Code Crim.P.Ann. art. 55.01, *amended by* ch. 604, sec. 1, 1979 Tex.Gen.Laws 1333. The statute now only requires that a petitioner arrested for a misdemeanor meet the requirements set forth in paragraphs (2) and (3) to be entitled to an expunction.

Watts established his entitlement to an expunction under paragraphs (2) and (3), and because paragraph (1) is not applicable to misdemeanors or offenses that are "no billed" by the grand jury, the trial court erred in denying his petition for expunction.

We reverse and render judgment that all of the records arising out of appellant's felony arrest for aggravated assault on January 24, 1985, be expunged.

LEVY and HOYT, JJ., also participating.