**Ex parte Michael Davis SCOTT.**

**13–90–433–CV.**

Court of Appeals of Texas,
Corpus Christi.

Oct. 31, 1991.

Richard J. Hatch, Jr., Corpus Christi, for appellant.

Carlos Valdez, Corpus Christi, for appellee.

Before NYE, C.J., and DORSEY and HINOJOSA, JJ.

## OPINION

DORSEY, Justice.

This is an appeal from a judgment denying petitioner's request to have an arrest record expunged. We reverse and remand to the trial court to enter an order of expunction.

The record shows that petitioner filed a motion to expunge records relating to his arrest on April 6, 1971, for unlawfully carrying a pistol. He was tried on an information for that misdemeanor offense and found not guilty by a jury. Tex.Pen. Code Ann. § 46.02(a) (Vernon 1989).

■ Petitioner's request to have the records expunged was denied because the trial court interpreted Tex.Code Crim.Proc. Ann. art. 55.01(1) (Vernon Supp.1991) to apply to both misdemeanors and felonies. The court reasoned that, because the charge against appellant did not result in a dismissal of the misdemeanor charge, he was not entitled to expunction. We disagree.

Art. 55.01 provides that a person who has been arrested for commission of a *felony* or *misdemeanor* is entitled to have all records and files relating to the arrest expunged if each of the following conditions exist:

> (1) an indictment or information *charging him with the commission of a felo-*

*ny* has not been presented against him for an offense arising out of the transaction for which he was arrested or, if an indictment of information *charging him with commission of a felony* was presented, it has been dismissed and the court finds that it was dismissed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void;

(2) he has been released and the charge, if any, has not resulted in a final conviction and, is no longer pending and there was no court ordered probation under Article 42.12, Code of Criminal Procedure ...; and

(3) he has not been convicted of a felony in the five years preceding the date of the arrest.

■ The only issue in this case is whether appellant meets the first condition required by art. 55.01. Expunction is only available when all the statutory conditions have been met. *Texas Dept. of Public Safety v. Wiggins*, 688 S.W.2d 227, 229 (Tex.App.—El Paso 1985, no writ). The petitioner has the burden of proving his entitlement. *Harris v. State*, 733 S.W.2d 710, 711 (Tex.App.—San Antonio 1987, no writ).

There was evidence admitted that petitioner has been released and that the charge has not resulted in a final conviction. There was also evidence that he has not been convicted of a felony in the five years preceding the date of arrest. Petitioner testified that there had been neither an indictment nor information charging him with a felony arising out of the transaction for which he had been arrested. The State did not controvert the evidence or file a brief in this appeal.

■ In *Ex Parte Watts*, 742 S.W.2d 745, 747 (Tex.App.—Houston [1st Dist.] 1987, no writ), the court held that art. 55.01(1) is inapplicable to misdemeanor cases. We find that paragraph one is applicable to all who seek expunction, but a petitioner must only prove that there has been neither an indictment or information charging a *felony* or that the felony indictment or information was dismissed. We will not stretch the plain language of the statute to require a petitioner to show either that he has not been charged with a misdemeanor or that the charge did not result in a conviction where the statute specifies that this form of proof is only necessary where a felony charge is involved.

We reverse the judgment of the trial court and remand for an order allowing petitioner to expunge the arrest records in this matter.