TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00441-CV






Linda Kay Baker, Appellant



v.



Texas Department of Public Safety; Tom Green County Sheriff's Department; Tom


Green County Attorney; and San Angelo Police Department, Appellees







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT


NO. D-99-1291-C, HONORABLE BARBARA LANE WALTHER, JUDGE PRESIDING







 The district court denied Linda Kay Baker's petition for expunction of the files and
records pertaining to her misdemeanor arrest for driving while intoxicated. She contends that the
court erred by denying her petition. We will reverse the judgment and remand the cause.

 Baker seeks expunction under the statute that provides as follows:


A person who has been arrested for commission of either a felony or misdemeanor
is entitled to have all records and files relating to the arrest expunged if: 


. . . .


(2) each of the following conditions exist: 


 (A) an indictment or information charging the person with commission of a
felony has not been presented against the person for an offense arising out
of the transaction for which the person was arrested or, if an indictment or
information charging the person with commission of a felony was
presented, it has been dismissed and the court finds that it was dismissed
because the presentment had been made because of mistake, false
information, or other similar reason indicating absence of probable cause
at the time of the dismissal to believe the person committed the offense or
because it was void; 


 (B) the person has been released and the charge, if any, has not resulted in a
final conviction and is no longer pending and there was no court ordered
community supervision under Article 42.12 of this code; and


 (C) the person has not been convicted of a felony in the five years preceding the
date of the arrest.



Tex. Code Crim. Proc. Ann. art. 55.01(a) (West Supp. 2001).

 In her expunction proceeding, Baker filed the only pleadings and presented the only
evidence; appellees made no appearance at the hearing (nor did they respond to Baker's brief on
appeal). Baker testified that she was arrested and charged with the misdemeanor offense of driving
while intoxicated, that she was not convicted or ordered placed on probation or any type of
community supervision by the court, that the charge against her was dismissed, and that she has not
committed a felony. Her attorney informed the court that she had participated in a pre-trial diversion
program; in her findings, the district court termed it "prosecutor's pre-trial diversion" and
"prosecutor's probation." The district court denied the petition. We, however, conclude that the
district court erred by denying her petition.

 Baker satisfied article 55.01(a)(2)(A) because she proved she was not charged with
a felony. The absence of the term "misdemeanor" from article 55.01(a)(2)(A) does not mean that
subsection (a)(2) is entirely inapplicable to persons charged with misdemeanors. Rather, a person
charged with a misdemeanor offense can satisfy article 55.01(a)(2)(A) by showing either that the
person was not charged by indictment or information with a felony offense arising out of the
transaction underlying the misdemeanor or that if such felony charge was made it was dismissed for
one of the reasons listed in the statute. See Ex parte Scott, 818 S.W.2d 226, 227 (Tex.
App.--Corpus Christi 1991, no writ); see also Ex parte Watts, 742 S.W.2d 745, 747 (Tex.
App.--Houston [1st Dist.] 1987, no writ). (1)
 The second clause of article 55.01(a)(2)(A) is applicable
only to persons charged with felonies and therefore is not triggered by this misdemeanor charge. 
Thus, this case is not controlled by Katopodis v. State, in which a court refused to expunge records
relating to a felony indictment dismissed after the defendant completed pretrial diversion. See 886
S.W.2d 455, 457-58 (Tex. App.--Houston [14th Dist.] 1994, no writ) (completion of pretrial
diversion not among statutory bases listed in article 55.01(a)(2)(A) for expunction [voidness or
mistake, false information, or other similar reason indicating absence of probable cause to believe
person committed felony]). Because Baker was never charged with a felony for this offense, she
satisfied article 55.01(a)(2)(A).

 Baker satisfied article 55.01(a)(2)(B) because she was released, she was not convicted
of the misdemeanor charge, the charge was dismissed, and no type of court-ordered community
supervision was imposed. (2)
 Persons ordered to undergo community supervision, even those not
required to report to a probation officer, are not eligible to have either a misdemeanor or a felony
charge expunged. State v. Knight, 813 S.W.2d 210, 212 (Tex. App.--Houston [14th Dist.] 1991,
no writ). Neither the expunction statute nor the community supervision statute discusses
"prosecutor's probation" or "prosecutor's pre-trial diversion;" (3) Whatever the custom of prosecutor's
probation or prosecutor's pre-trial diversion is in Tom Green County, there is no evidence or other
indication that it is court ordered; we find no statutory basis for equating a prosecutor's practice with
a court-ordered process. So long as there is no court ordered community supervision, the expunction
statute does distinguish among persons who have misdemeanor charges against them dismissed,
whether because of successfully completed prosecutor's probation or prosecutor's pre-trial diversion
or other reasons. The only evidence in the record is that Baker did not undergo any form of court-ordered community supervision. Because the only evidence is that Baker was released and the
misdemeanor charge against her was dismissed without conviction and without the use of court-ordered community supervision, we conclude that she satisfied article 55.01(a)(2)(B).

 Baker's testimony that she has not been convicted of a felony was undisputed,
satisfying article 55.01(a)(2)(C).

 Because Baker satisfied the requirements for expunction under article 55.01(a)(2),
the district court erred by denying her petition. We reverse the district-court judgment and remand
the cause to the district court for entry of an appropriate order of expunction.



 

 Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Reversed and Remanded

Filed: May 10, 2001

Do Not Publish

1. Both cases interpret a predecessor of the current statute. Comparison of the text quoted in
each case to the text of the current statute reveals that the statute was merely renumbered and revised
slightly to remove gender specificity and for other nonsubstantive reasons. See Scott, 818 S.W.2d
at 226-27; Watts, 742 S.W.2d at 746.

2. Article 42.12 defines "community supervision" as


the placement of a defendant by a court under a continuum of programs and sanctions,
with conditions imposed by the court for a specified period during which:



 criminal proceedings are deferred without an adjudication of guilt; or

 a sentence of imprisonment or confinement, imprisonment and fine, or
confinement and fine, is probated and the imposition of sentence is suspended in
whole or in part.



Tex. Code Crim. Proc. Ann. art. 42.12, § 2(2) (West Supp. 2001) (emphasis added).

3. The expunction statute speaks only of "court ordered community supervision." See Tex. Code
Crim. Proc. Ann. art. 55.01(a)(2)(B). The community supervision statute discusses community
supervision as something the judge may order or the jury may recommend. Id. art. 42.12, §§ 3, 4. 
Deferred adjudication is something the judge may order. See id. § 5. The article does not include
within the definitions of community supervision or deferred adjudication any formal or informal pre-trial diversion program administered by the prosecutor.


nt-family: Times New Roman"> Baker satisfied article 55.01(a)(2)(B) because she was released, she was not convicted
of the misdemeanor charge, the charge was dismissed, and no type of court-ordered community
supervision was imposed. (2)
 Persons ordered to undergo community supervision, even those not
required to report to a probation officer, are not eligible to have either a misdemeanor or a felony
charge expunged. State v. Knight, 813 S.W.2d 210, 212 (Tex. App.--Houston [14th Dist.] 1991,
no writ). Neither the expunction statute nor the community supervision statute discusses
"prosecutor's probation" or "prosecutor's pre-trial diversion;" (3) Whatever the custom of prosecutor's
probation or prosecutor's pre-trial diversion is in Tom Green County, there is no evidence or other
indication that it is court ordered; we find no statutory basis for equating a prosecutor's practice with
a court-ordered process. So long as there is no court ordered community supervision, the expunction
statute does distinguish among persons who have misdemeanor charges against them dismissed,
whether because of successfully completed prosecutor's probation or prosecutor's pre-trial diversion
or other reasons. The only evidence in the record is that Baker did not undergo any form of court-ordered community supervision. Because the only evidence is that Baker was released and the
misdemeanor charge against her was dismissed without conviction and without the use of court-ordered community supervision, we conclude that she satisfied article 55.01(a)(2)(B).

 Baker's testimony that she has not been convicted of a felony was undisputed,
satisfying article 55.01(a)(2)(C).

 Because Baker satisfied the requirements for expunction under article 55.01(a)(2),
the district court erred by denying her petition. We reverse the district-court judgment and remand
the cause to the district court for entry of an appropriate order of expunction.



 

 Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Reversed and Remanded

Filed: May 10, 2001