IN THE SUPREME COURT OF TEXAS






IN THE SUPREME COURT OF TEXAS
 
════════════
No. 06-0974
════════════
 
The State of Texas, 
Petitioner
 
v.
 
Judy Beam, 
Respondent
 
════════════════════════════════════════════════════
On Petition for Review from the
Court of Appeals for the Seventh District of 
Texas
════════════════════════════════════════════════════
 
Chief Justice Jefferson delivered the 
opinion of the Court.
On June 20, 
2005, Judy Beam was arrested and charged with a misdemeanor offense. Pursuant to 
a plea agreement, the charge was later dismissed and Beam was granted deferred 
adjudication on the lesser charge of disorderly conduct. Tex. Penal Code § 42.01(a). On February 
16, 2006, less than two years later, Beam filed a petition for expunction 
pursuant to article 55.01 of the Code of Criminal Procedure. The State contends 
that Beam is not entitled to expunction until two years after the date on which 
she allegedly committed the misdemeanor offense because the State has a two-year 
limitations period during which it may present an indictment or 
information. Code Crim. Proc. 
art. 12.02.[1] Therefore, according to the 
State, Beam cannot seek expunction before the two-year limitations period has 
expired on June 20, 2007.[2]   
The trial 
court granted Beam’s petition for expunction, and the State appealed. The court 
of appeals affirmed the trial court’s judgment, holding that paragraph (a)(2)(A) 
of article 55.01 does not apply “when the sought expunction involves a 
misdemeanor offense.” __ S.W.3d __. We disagree and hold that the limitations 
requirement in article 55.01(a)(2)(A)(i) applies to both felonies and 
misdemeanors. Accordingly, we reverse the court of appeals’ judgment and render 
judgment for the State.
Beam sought 
expunction pursuant to article 55.01(a)(2) of the Code of Criminal Procedure 
which provides, in relevant part: 
(a) 
A person who has been placed under a custodial or noncustodial arrest for 
commission of either a felony or misdemeanor is entitled to have all records and 
files relating to the arrest expunged if:
 
. . .
 
(2) 
each of the following conditions exist:
 
(A) 
      an indictment or information charging the 
person with commission of a felony has not been presented against the person for 
an offense arising out of the transaction for which the person was arrested or, 
if an indictment or information charging the person with commission of a felony 
was presented, the indictment or information has been dismissed or quashed, 
and:
 
(i) 
        the limitations period expired 
before the date on which a petition for expunction was filed under Article 
55.02.
 
Code Crim. Proc. art. 55.01(a)(2)(A)(i) 
(emphasis added). 
Beam argues 
that, because paragraph (a)(2)(A) is limited to felonies, the limitations 
requirement in paragraph (a)(2)(A)(i) is also so limited. The State disagrees, 
contending that the plain language of the statute requires the expiration of 
limitations for both felonies and misdemeanors before expunction may be sought. 
We agree with the State. 
Prior to 
2001, article 55.01(1) (current article 55.01(a)(2)(A)’s predecessor) applied 
only to felonies, and there was no requirement that the limitations period 
expire before expunction could be sought. Act of May 29, 1989, 71st Leg., R.S., 
ch. 803, § 1, 1989 Tex. Gen. Laws 3666, 3666 (amended 2001) (current version at 
Code Crim. Proc. art. 55.01(a)); 
see Travis County Attorney v. J.S.H., 37 S.W.3d 163, 165 n.2 (Tex. 
App.–Austin 2001, no pet.); Tex. Dep’t of Pub. Safety v. Moran, 949 
S.W.2d 523, 526 (Tex. App.–San Antonio 1997, no writ); Harris County 
Dist. Attorney’s Office v. D.W.B., 860 S.W.2d 719, 721 n.3 (Tex. 
App.–Houston [1st Dist.] 1993, no writ); Ex parte Scott, 818 S.W.2d 226, 
227 (Tex. App.–Corpus Christi 1991, no writ); Ex parte Watts, 742 S.W.2d 
745, 747 (Tex. App.–Houston [1st Dist.] 1987, no writ). In 2001, however, the 
Legislature amended article 55.01(a) to provide that the limitations period for 
the underlying offense must expire before a petition for expunction may be 
filed: “[T]he limitations period [must have] expired before the date on which a 
petition for expunction was filed under Article 55.02.” Act of May 27, 2001, 
77th Leg., R.S., ch. 1021, § 1, 2001 Tex. Gen. Laws 2236, 2237 (codified at 
Code Crim Proc. art. 
55.01(a)(2)(A)(i)). The State asserts that the Legislature added this 
requirement so that courts would not order expungement of all records and files 
relating to a person’s arrest if that person were still subject to prosecution 
for a crime arising out of the transaction for which the person was arrested. 

After the 
Legislature amended article 55.01(a) in 2001, however, courts of appeals have 
differed as to the correct interpretation of the statute. The Amarillo and El 
Paso courts of appeals have held that because article 55.01(a)(2)(A) applies 
only to felonies, article 55.01(a)(2)(A)(i)’s limitations requirement applies 
only to felonies. Beam, __ S.W.3d __; In re Expunction of K.E.L., 
__ S.W.3d __ (Tex. App.–El Paso 2006, pet. filed); Ex parte M.R.R., __ 
S.W.3d __ (Tex. App.–Amarillo 2006, pet. filed). The Amarillo court noted that 
paragraph (2)(A)(i) is but a subpart of paragraph (2)(A); as such, it “serve[s] 
to modify, condition or expand (2)(A),” which applies only to felonies. 
M.R.R., __ S.W.3d at __. The El Paso court held that “by its plain 
reading, Subsection (2)(A) does not apply where the underlying offense is a 
misdemeanor” and thus the limitations period did not have to expire before the 
petitioner sought to have a misdemeanor charge expunged. K.E.L., __ 
S.W.3d at __. 
The Dallas 
court of appeals, on the other hand, has held that article 55.01(a)(2)(A)(i)’s 
limitations requirement applies regardless of whether the expunction relates to 
a felony or a misdemeanor offense. Collin County Criminal Dist. Attorney’s 
Office v. Winger‑Bearskin, No. 05-05-00924-CV, 2006 WL 531283, at *1 (Tex. 
App.–Dallas Mar. 6, 2006, pet. denied); Collin County Criminal Dist. 
Attorney’s Office v. Dobson, 167 S.W.3d 625, 627 (Tex. App.–Dallas 2005, no 
pet.); Collin County Criminal Dist. Attorney’s Office v. Russell, No. 
05-04-00100-CV, 2005 WL 160194, at *1 (Tex. App.–Dallas Jan. 6, 2005, no 
pet.); see also State v. Bhat, 127 S.W.3d 435, 436 (Tex. App.–Dallas 
2004, no pet.). That court requires a party seeking expunction to prove that the 
limitations period for the applicable offense—whether misdemeanor or felony—has 
expired before filing the petition. Dobson, 167 S.W.3d at 627; 
Bhat, 127 S.W.3d at 436 (citing Heine v. Tex. Dep’t of Pub. Safety, 
92 S.W.3d 642, 646 n.4 (Tex. App.–Austin 2002, pet. denied)).
The State 
argues, and we agree, that article 55.01(a)’s recent amendment supports the 
Dallas court of appeals’ view that the limitations requirement of article 
55.01(a)(2)(A)(i) applies to both felonies and misdemeanors. Paragraph (2) 
authorizes expunction for felonies and misdemeanors only if “each of the 
following conditions exist,” and then sets forth three conditions, (2)(A), 
(2)(B), and (2)(C). Code Crim. Proc. 
art. 55.01(a)(2) (emphasis added). Paragraph (2)(A) first requires that 
an indictment or information charging the person with committing a felony must 
not have been presented, or if presented, it must have been dismissed or 
quashed. Id. art. 55.01(a)(2)(A). This condition will always be satisfied 
in a misdemeanor case. But (2)(A) contains an additional requirement: the 
limitations period must have expired before the petition was filed. Id. 
art. (a)(2)(A)(i). The statute uses the word “and” to connect paragraph (2)(A) 
and (2)(A)(i), meaning that both requirements must be met before a party is 
entitled to expunction. Id. art. 55.01(a)(2)(A). Although parts of (2)(A) 
are expressly limited to felonies, (2)(A)(i) is not. Because it is not, we 
conclude that it applies to misdemeanors as well.[3] 
Id. art. 55.01(a)(2)(A)(i). To the extent that some courts of 
appeals have held otherwise, we disapprove those decisions. In re Expunction 
of K.E.L., __ S.W.3d at __; Ex parte M.R.R., __ S.W.3d at __.
Here, Beam 
was arrested and charged with a misdemeanor offense, but the charge was 
dismissed pursuant to a plea agreement and she was granted deferred adjudication 
on a lesser charge. Beam sought expunction pursuant to paragraph (a)(2). No 
felony indictment or information has yet been presented against Beam, but the 
limitations period for the underlying offense has not expired. Therefore, Beam 
does not satisfy the requirements for filing an expunction petition under 
paragraph (a)(2). See Code Crim. 
Pro. art. 55.01(a)(2). Even though Beam was arrested for a misdemeanor 
offense, she must wait until the two-year limitations period expires on June 20, 
2007 before she may seek expunction—assuming she meets article 55.01’s remaining 
requirements, a question we do not reach. Id. art. 55.01(a)(2)(A)(i). 

Without 
hearing oral argument, we reverse the court of appeals’ judgment and render 
judgment for the State. Tex. R. App. 
P. 59.1, 60.2(c).
 
 
______________________________
Wallace B. 
Jefferson
Chief Justice 

 
OPINION 
DELIVERED:     June 1, 2007    




[1] “An indictment or information for any misdemeanor may 
be presented within two years from the date of the commission of the offense, 
and not afterward.” Code Crim. 
Proc. art. 12.02.

[2] The record is unclear as to the actual date Beam 
allegedly committed the misdemeanor offense. Beam was arrested on June 20, 2005, 
and it is the only date cited in the record. For purposes of this opinion, we 
assume that June 20, 2005 is the operative date.

[3] We note that this interpretation is supported by the 
legislative history. See House 
Comm. On Criminal Jurisprudence, Bill Analysis, Tex. H.B. 1323, 77th 
Leg., R.S. (2001) (“House Bill 1323 amends the Code of Criminal Procedure to 
provide that a person is entitled to have all records and files relating to the 
person’s felony or misdemeanor arrest expunged if an indictment or information 
has been dismissed or quashed, and the limitations period has expired.”).